IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T. ROSARIO ROMAN,

      **Plaintiff,**

      vs.                                                                                      Civ. No. 20-765 WJ/SCY

**TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,**

      **Defendant.**

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

Defendant Travelers Casualty Insurance Company of America filed a Motion to Compel on November 12, 2020, seeking to compel supplemental responses from Plaintiff to Travelers' First Interrogatories and Requests for Production. Doc. 23. Plaintiff failed to file a response. *See* D.N.M. LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion."). On December 3, 2020, after Plaintiff's time to respond to the Motion had passed, the Court held a status conference. *See* Doc. 26 (clerk's minutes). At the conference, the Court instructed Plaintiff to file any motion she intends to file, such as an opposed motion for extension of time to file a response or a notice of agreed extension of time to respond, by December 10, 2020. *Id.* at 1. The Court further noted that if nothing is filed by December 10, 2020, the Court will likely grant the Motion as unopposed. *Id.*

Plaintiff failed to file anything by the December 10 deadline. As such, the Court deems the Motion to Compel unopposed. *See* D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). The Court therefore grants Defendant's Motion to Compel in its

entirety. Plaintiff shall provide the requested supplemental discovery responses within 14 days of the entry of this order.

Lastly, Defendant requests its fees incurred in preparing the present Motion. Doc. 23 at 11. Rule 37(a)(5)(A) mandates that if a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).[1] Because the Court grants Defendant's Motion and finds no reason which weighs against ordering fees, the Court grants Defendant's request for an award of fees incurred in preparing its Motion. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii) (directing the court to not order payment of fees if "the movant filed the motion before attempting in good faith to obtain disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make and award of expenses unjust"). Within 14 days of the entry of this Order, Defendant Travelers shall file an affidavit outlining the expenses it incurred in preparing

---

[1] The Tenth Circuit has not defined "opportunity to be heard," but the District of Kansas has concluded that for an "opportunity to be heard," "[a]n actual hearing is not necessary . . . , and the Court may consider the issue of expenses on 'written submissions.'" *Cardenas v. Dorel Juvenile Grp., Inc.*, 231 F.R.D. 616. 622 (D. Kan. 2005). "The 'written submission' requirement is met where the moving party requests expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response." *Id.*; *see also N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, No. 12-CV-526 MV/GBW, 2017 WL 4271330, at *2 n.1 (D.N.M. Sept. 25, 2017). In this case, even though Plaintiff did not respond to Defendant's request for fees, she had an opportunity to do so in a response brief. *See McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) ("Here, Plaintiff specifically requested their expenses in their Motion to Compel. Denny's responded to the Motion, but chose not to address the sanctions issue. The Court therefore finds that Denny's has had sufficient 'opportunity to be heard' within the meaning of Fed. R. Civ. P. 37.").

the Motion to Compel. Within 14 days after Defendant files its affidavit, Plaintiff may file any objections she has to the amount of relief Defendant requests.

**IT IS THEREFORE ORDERED THAT:**

Defendant Travelers' Motion to Compel Supplementation of Discovery Responses (Doc. 23) is GRANTED as follows:

1) Plaintiff shall provide the requested supplemental discovery responses within 14 days of the entry of this Order; and

2) Defendant has 14 days from the date of this Order to file an affidavit outlining the expenses it incurred in preparing the Motion to Compel. Within 14 days after Defendant files its affidavit, Plaintiff may file any objections she has to the amount relief Defendant requests.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**